UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS R CORRALES,

    Plaintiff,

v.                                                  Case No. 3:21cv3422-LC-HTC

WARDEN SANTIAGO, et al.,

    Defendants,

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff, Carlos R. Corrales's, amended complaint (ECF Doc. 20), which has been referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(C). Upon screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the undersigned recommends this action be DISMISSED without prejudice as malicious for abuse of the judicial process due to Plaintiff's failure to disclose his complete litigation history.

**I.    STANDARD OF REVIEW**

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his

complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## II. DISCUSSION

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently in close management at Charlotte Correctional Institution.[1] However, he was in administrative confinement at Jackson Correctional Institution when he filed the original handwritten complaint (not on the Court's required form), which was

---

[1] Florida Department of Corrections, Inmate Population Information Detail, available at http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=078872&TypeSearch=AI (accessed February 2, 2022).

docketed with the Court on November 29, 2021. ECF Doc. 1. On December 3, 2021, the Court denied his motion to proceed *in forma pauperis* (ECF Doc. 2) without prejudice to him re-filing a proper motion and required him to file an amended complaint on the proper form. ECF Doc. 5. After an extension, Plaintiff filed a sufficient *in forma pauperis* motion docketed on January 4, 2022 (ECF Doc. 13) and was granted leave to proceed *in forma pauperis*. ECF Doc. 16. Also, after several stricken documents and an extension of time, Plaintiff filed the instant amended complaint, on the Court's form, docketed on January 24, 2022. ECF Doc. 20.

Plaintiff brings (1) Eighth Amendment failure-to-protect claims against seventeen (17) defendants, including the Florida Attorney General and the Secretary of the FDOC, in their individual capacities, alleging they have failed to protect him from gang-related violence by refusing to place him in protective management; (2) Eighth Amendment excessive force claims against three correctional officers, and (3) a claim against a law librarian for delaying copies of his legal materials. ECF Doc. 20. Despite the alarmist titles of several of his pleadings implying an ongoing threat if in general population,[2] Plaintiff filed documents showing he has been in

---

[2] For example, Plaintiff filed a document entitled "True Bill Affidavit Writ for Emergency Injunction", ECF Doc. 11, and "Emergency Pleading for Support to Stay Alive, ECF Doc. 14.

Case No. 3:21cv3422-LC-HTC

close management or administrative confinement since December of 2020,[3] and does not allege any gang threats or assaults while in such custody.

A review of Plaintiff's amended complaint and the online dockets of the Middle, Northern and Southern Districts of Florida reveals Plaintiff did not honestly disclose his prior litigation history. As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The form complaint filled out by Plaintiff contains Section VIII, entitled "Prior Litigation", which contains several questions about prior cases. First, the form explains that the "three strikes rule" of the PLRA bars a prisoner from bringing a case without paying the full filing fee and explains that a "strike" under 28 U.S.C. § 1915(g) is "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." ECF Doc. 20 at 20.

---

[3] See Resp. to Formal Grievance, January 19, 2021, stating that Plaintiff was in confinement pending PM investigation status since December 12, 2020, ECF Doc. 11 at 52, and Report of Close Management, December 9, 2021, stating that Plaintiff was only in general population for seven (7) days from December 9, 2020 to December 9, 2021, ECF Doc. 11 at 31.

Question A in Section VIII asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" Plaintiff checked "YES" and identified three state cases by case number. Plaintiff did not list any federal cases.

In reality, the Court has identified three (3) federal cases Plaintiff filed, which qualify as a strike[4]. First, in *Carlos Corrales Rubio, Jr. v. Jefferson*, 4:96-cv-00243-MP, the court dismissed the complaint "for failing to state a claim pursuant to Section 1915(e)(2)(B)(ii)" (Nov. 13, 1996). Second, the Eleventh Circuit in *Corrales v. Gartmann et al.*, dismissed Plaintiff's appeal with the following language: "On its own motion, the court DISMISSES the appeal as frivolous." No. 15-10080 (June 4, 2015). Third, in *Coralles Rubio v. Gartmann et al.*, 3:14-cv-00267 (M.D. Fla), the court dismissed the action prior to service for failure to comply with the orders of the court. Each of those cases identified Plaintiff's name and his FDOC number: 078872.

Although Plaintiff stated next to the "yes" and "no" boxes, "not know/or remember", by listing the state cases and failing to make clear that there may be

---

[4] Because the Court was not aware of these cases at the time Plaintiff sought *in forma pauperis*, the Court granted Plaintiff's motion. Although the Court doubts that Plaintiff has set forth facts sufficient to show he is in imminent danger of physical harm under § 1915(g), given his close management status, because the undersigned is recommending dismissal for a failure to disclose, the undersigned finds it unnecessary to recommend Plaintiff's *in forma pauperis* status be revoked or to make a determination regarding imminent danger.

cases other than those he identified that count as a strike, Plaintiff failed to alert the Court to other potential strikes. Indeed, as the Court interpreted Plaintiff's response, Plaintiff was indicating he did "not know/or remember" whether the cases he cited were strikes. Regardless, Plaintiff's contention that he does "not know/or remember" is unavailing. *See Belvin v. Burke Cty. Sheriff Dep't,* 2013 WL 4047150, at *1 (S.D. Ga. Aug. 9, 2013) ("Plaintiff's contention that he 'forgot' about the cases he failed to disclose—and was thus unable to provide even the simple detail that he had filed several other federal lawsuits in addition to those disclosed—is unavailing.") (citing *Shelton v. Rohrs,* 406 F. App'x 340, 341 (11th Cir.2010) (*per curiam*) (district court did not abuse discretion in dismissing prisoner plaintiff's complaint without prejudice for failure to disclose prior litigation history where he contended that he "did not remember" filing the suits and that his "records were unavailable to him"; "[e]ven if [plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits.").

The complaint form in the instant case clearly explained that a dismissal as "frivolous" counts as a strike, and the Plaintiff was required to report any "action <u>or appeal</u>" that was dismissed as frivolous. The complaint form also clearly explained that a dismissal for failure to state a claim counts as a strike.

Moreover, Plaintiff's response to Question A was not Plaintiff's only misrepresentation. Plaintiff also answered Question C in Section VIII untruthfully.

Case No. 3:21cv3422-LC-HTC

That question asked, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" and then directed, "If you answered yes, identify all lawsuits." ECF Doc. 20 at 22. Plaintiff answered "YES" and disclosed only **one** lawsuit, *Corrales v. Shepherd*, 3:18-cv-00333 (M.D. Fla.).

The Court, however, has independently identified four (4) other federal cases, dealing with conditions of confinement. Three (3) of those cases are the ones Plaintiff failed to disclose in response to Question A, as discussed above, which were strikes. The other one is *Corrales-Rubio v. Dept. of Corrections, et al.*, 1:98-cv-02401-PCH (failure-to-protect claim while in FDOC custody) (stipulation of dismissal).

Because the bottom of Section VIII informs Plaintiff "***Failure to disclose all prior cases may result in dismissal of this case***", Plaintiff was aware of the importance of disclosing his complete litigation history and the need to be careful when doing so. Thus, any attempt to justify the omission as inadvertent would be groundless. *See Redmon v. Lake Cty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming district court's finding of abuse of judicial process despite plaintiff's argument that "he did not understand the complaint form"); *Sears v. Haas*, 509 F. App'x 935, 935-936 (11th Cir. 2013) (finding district court did not err in

dismissing plaintiff's complaint where plaintiff argued in an objection that his "omissions were inadvertent" and later appealed arguing that "his case had merit").

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. An appropriate sanction for Plaintiff's abuse of the judicial process here is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

As one District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC. Therefore, dismissal without prejudice is an appropriate sanction for a failure to disclose. *See Clemons v. White,* 2021 WL 5457699 (S.D. Ga. Oct. 27, 2021)

Case No. 3:21cv3422-LC-HTC

(collecting cases from the Eleventh Circuit dismissing an action for failure to disclose).

Accordingly, it is respectfully RECOMMENDED:

1.  This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process by failing to truthfully disclose his prior litigation history.

2.  The clerk be directed to close the file on this matter.

Done at Pensacola this 4th day of February 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.